UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14117-ROSENBERG/MAYNARD

LISA ANN VON ALT-BYOUNE,

    Plaintiff,

v.

ROBERT EDGAR VON ALT,

    Defendant.

                                         /

## ORDER GRANTING MOTION TO DISMISS
## AMENDED COMPLAINT AND CLOSING CASE

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss the Amended Complaint with Prejudice. DE 31. The Court has carefully considered the Motion and Plaintiff's Response, titled "Complaint for a Civil Case Alleging Child Abuse, Physical and Psychological Abuse to a Child and Handicap Adult and Response to Defendant's Motion to Dismiss." DE 32. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

As procedural background, Plaintiff filed her first Complaint on April 1, 2019, raising a claim of intentional infliction of emotional distress against Defendant, her father. DE 1. The Court referred Defendant's subsequent Motion to Dismiss the Complaint to Magistrate Judge Shaniek M. Maynard. *See* DE 8; DE 11.

Judge Maynard issued a Report and Recommendation, recommending that the Motion to Dismiss be granted and that the Complaint be dismissed without prejudice. DE 24. Judge Maynard concluded that Plaintiff failed to plead factual allegations that, taken as true, established outrageous conduct sufficient to state a claim for intentional infliction of emotional distress. Judge Maynard also noted that the statute of limitations may bar Plaintiff's claim.

Over Plaintiff's objection, the Court adopted Judge Maynard's Report and Recommendation, granted the Motion to Dismiss, and dismissed the Complaint without prejudice. *See* DE 25; DE 28. The Court agreed that the Complaint failed to state a plausible claim for intentional infliction of emotional distress. DE 28. As Plaintiff had included additional factual allegations in both her Response to the Motion to Dismiss and in her Objections that she had not included in the Complaint, the Court ordered Plaintiff to include in her Amended Complaint all of her factual allegations supporting her claim.

Plaintiff filed an Amended Complaint on July 31, 2019. DE 29. Plaintiff did not replead her claim of intentional infliction of emotional distress. Plaintiff rather raised new allegations against Defendant of violations of three Florida criminal statutes. Specifically, Plaintiff alleged criminal sexual battery, in violation of Fla. Stat. § 794.011, criminal child abuse, in violation of Fla. Stat. § 827.03, and criminal abuse of a disabled adult, in violation of Fla. Stat. § 825.02.

Defendant then filed the instant Motion to Dismiss the Amended Complaint, which now is ripe for resolution. DE 31. The Amended Complaint must be dismissed for lack of standing. Plaintiff alleges that Defendant committed crimes under Florida law, however she points to no authority that provides her a private cause of action for those crimes. *See* DE 29; DE 32. A plaintiff lacks standing to bring criminal charges, as the government, not private citizens, prosecutes crimes. *Williams v. Univ. of Ala. Hosp. at Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009) (affirming a district court's dismissal of a *pro se* complaint alleging criminal assault and bribery and citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Plaintiff's Response to the instant Motion to Dismiss is titled as a "Complaint" in addition to a Response. *See* DE 32. The portion of the Response that might be construed as a Complaint mirrors the Amended Complaint, although the Court notes that the portion is not a word-for-word

repetition of the Amended Complaint. Plaintiff does not purport to have obtained Defendant's consent to further amend her Complaint, and she has not obtained this Court's leave to file an additional Complaint. *See* Fed. R. Civ. P. 15(a) (providing requirements for amending pleadings). Plaintiff submitted the filing at DE 32 well past the June 11, 2019 deadline to amend pleadings, and the Court previously gave her an opportunity to amend her Complaint, ordering her to include all of her factual allegations in the Amended Complaint. *See* DE 6; DE 28; *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff generally must be given at least one opportunity to amend a complaint when a more carefully drafted complaint might state a claim for relief). Moreover, the filing at DE 32, like the Amended Complaint, raises allegations of violations of Florida criminal statutes. To the extent that this filing may be construed as a Second Amended Complaint, it is subject to dismissal with prejudice for the same reasons as is the Amended Complaint.

For those reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss the Amended Complaint [DE 31] is **GRANTED**.
2. Plaintiff's Amended Complaint [DE 29] is **DISMISSED WITH PREJUDICE**.
3. The Clerk of Court is instructed to **CLOSE THIS CASE**. All pending deadlines are **TERMINATED**, all hearings are **CANCELLED**, and all pending motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of September, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff
Counsel of Record

3